**STATISTICAL INFORMATION ONLY: Debtor must select the number of each of the following items included in the Plan.**

| 0 | Valuation of Security | 0 | Assumption of Executory Contract or Unexpired Lease | 0 | Lien Avoidance |

**Last revised: September 1, 2018**

# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NEW JERSEY

In Re:  
WILLIAM D. REED, JR.,

Case No.: 17-23990 JKS

Judge: JOHN SHERWOOD

Debtor(s)

## Chapter 13 Plan and Motions

☐ Original    ☒ Modified/Notice Required    Date: MARCH 29, 2019

☐ Motions Included    ☐ Modified/No Notice Required

THE DEBTOR HAS FILED FOR RELIEF UNDER
CHAPTER 13 OF THE BANKRUPTCY CODE

**YOUR RIGHTS MAY BE AFFECTED**

You should have received from the court a separate *Notice of the Hearing on Confirmation of Plan*, which contains the date of the confirmation hearing on the Plan proposed by the Debtor. This document is the actual Plan proposed by the Debtor to adjust debts. You should read these papers carefully and discuss them with your attorney. Anyone who wishes to oppose any provision of this Plan or any motion included in it must file a written objection within the time frame stated in the *Notice*. Your rights may be affected by this plan. Your claim may be reduced, modified, or eliminated. This Plan may be confirmed and become binding, and included motions may be granted without further notice or hearing, unless written objection is filed before the deadline stated in the Notice. The Court may confirm this plan, if there are no timely filed objections, without further notice. See Bankruptcy Rule 3015. If this plan includes motions to avoid or modify a lien, the lien avoidance or modification may take place solely within the chapter 13 confirmation process. The plan confirmation order alone will avoid or modify the lien. The debtor need not file a separate motion or adversary proceeding to avoid or modify a lien based on value of the collateral or to reduce the interest rate. An affected lien creditor who wishes to contest said treatment must file a timely objection and appear at the confirmation hearing to prosecute same.

**The following matters may be of particular importance. Debtors must check one box on each line to state whether the plan includes each of the following items. If an item is checked as "Does Not" or if both boxes are checked, the provision will be ineffective if set out later in the plan.**

THIS PLAN:

☐ DOES ☒ DOES NOT CONTAIN NON-STANDARD PROVISIONS. NON-STANDARD PROVISIONS MUST ALSO BE SET FORTH IN PART 10.

☐ DOES ☒ DOES NOT LIMIT THE AMOUNT OF A SECURED CLAIM BASED SOLELY ON VALUE OF COLLATERAL, WHICH MAY RESULT IN A PARTIAL PAYMENT OR NO PAYMENT AT ALL TO THE SECURED CREDITOR. SEE MOTIONS SET FORTH IN PART 7, IF ANY.

☐ DOES ☒ DOES NOT AVOID A JUDICIAL LIEN OR NONPOSSESSORY, NONPURCHASE-MONEY SECURITY INTEREST. SEE MOTIONS SET FORTH IN PART 7, IF ANY.

Initial Debtor(s)' Attorney: HR    Initial Debtor: WR    Initial Co-Debtor: _____

**Part 1:    Payment and Length of Plan**

a. The debtor shall pay $ _____**_____ per \_\_\_\_\_MONTH\_\_\_\_\_ to the Chapter 13 Trustee, starting on \_\_\_\_\_FEBRUARY OF 2015_____ for approximately _____60_____ months.

b. The debtor shall make plan payments to the Trustee from the following sources:

☒    Future earnings

☐    Other sources of funding (describe source, amount and date when funds are available):

c. Use of real property to satisfy plan obligations:

☐ Sale of real property
Description:
Proposed date for completion: _____

☐ Refinance of real property:
Description:
Proposed date for completion: _____

☐ Loan modification with respect to mortgage encumbering property:
Description:
Proposed date for completion: _____

d. ☐ The regular monthly mortgage payment will continue pending the sale, refinance or loan modification.

e. ☒ Other information that may be important relating to the payment and length of plan:

** i. $11,400 paid in to date through March of 2019 (over 20 months);
ii. $600 per month, starting in April of 2019 through and including November of 2019 (8 months);
iii. $2,100 per month, starting in December of 2019, through and including May of 2021 (18 months);
iv. $3,200 per month, starting in June of 2021, for a period of fourteen (14) months

First increase in payments based on completion of pension loan with employer. Pension loan in the amount of $1,329.06 per month, see page twenty-five of document ten on the court's docket, showing the amount of the pension loan deduction as set forth on Schedule I of the petition. This increase is also tied to the Debtor's completion of an automobile loan with Chrysler Capital (formerly Santander), in the amount of $396 per month.

Second increase in plan payments, to $3,200 per month, premised on Debtor's child support obligation completing, in the amount of $1,109.33 per month, allowing the plan payments to increase from $2,100 per month to $3,200 per month for the remaining plan term.

**Part 2:   Adequate Protection ☒ NONE**

      a. Adequate protection payments will be made in the amount of $ _____ to be paid to the Chapter 13 Trustee and disbursed pre-confirmation to _____ (creditor).

      b. Adequate protection payments will be made in the amount of $ _____ to be paid directly by the debtor(s) outside the Plan, pre-confirmation to: _____ (creditor).

**Part 3:   Priority Claims (Including Administrative Expenses)**

    a.   All allowed priority claims will be paid in full unless the creditor agrees otherwise:

| Creditor | Type of Priority | Amount to be Paid |
|---|---|---|
| CHAPTER 13 STANDING TRUSTEE | ADMINISTRATIVE | AS ALLOWED BY STATUTE |
| ATTORNEY FEE BALANCE | ADMINISTRATIVE | BALANCE DUE: $ |
| DOMESTIC SUPPORT OBLIGATION | NONE AS TO DOMESTIC SUPPORT | $  Supp. Fees  Only |

    b.   Domestic Support Obligations assigned or owed to a governmental unit and paid less than full amount:
Check one:

☒ None

☐ The allowed priority claims listed below are based on a domestic support obligation that has been assigned to or is owed to a governmental unit and will be paid less than the full amount of the claim pursuant to 11 U.S.C.1322(a)(4):

| Creditor | Type of Priority | Claim Amount | Amount to be Paid |
|---|---|---|---|
|  | Domestic Support Obligations assigned or owed to a governmental unit and paid less than full amount. |  |  |

**Part 4:    Secured Claims**

### a. Curing Default and Maintaining Payments on Principal Residence: ☐ NONE

The Debtor will pay to the Trustee (as part of the Plan) allowed claims for arrearages on monthly obligations and the debtor shall pay directly to the creditor (outside the Plan) monthly obligations due after the bankruptcy filing as follows:

| Creditor | Collateral or Type of Debt | Arrearage | Interest Rate on Arrearage | Amount to be Paid to Creditor (In Plan) | Regular Monthly Payment (Outside Plan) |
|---|---|---|---|---|---|
| CENLAR,FSB | MORTGAGE ARREARS PERTAINING TO REAL PROPERTY RE: 46 BECKER TERR., IRVINGTON, NJ (PRE-PETITION AND POST-PETITION) | $58,681.94 PRE-PETITION ARREARS $15,000 ESTIMATED POST-PETITION ARREARS THRU 3-29-19 (EST.) $73,681.94 TOTAL ARREARAGE | N/A | $73,681.94 | CONTINUED PAYMENTS BY THE DEBTOR, DIRECTLY TO CENLAR, STARTING 4-1-19 AND THEREAFTER |

### b. Curing and Maintaining Payments on Non-Principal Residence & other loans or rent arrears: ☒ NONE

The Debtor will pay to the Trustee (as part of the Plan) allowed claims for arrearages on monthly obligations and the debtor will pay directly to the creditor (outside the Plan) monthly obligations due after the bankruptcy filing as follows:

| Creditor | Collateral or Type of Debt | Arrearage | Interest Rate on Arrearage | Amount to be Paid to Creditor (In Plan) | Regular Monthly Payment (Outside Plan) |
|---|---|---|---|---|---|
|  |  |  |  |  |  |

### c. Secured claims excluded from 11 U.S.C. 506: ☒ NONE

The following claims were either incurred within 910 days before the petition date and are secured by a purchase money security interest in a motor vehicle acquired for the personal use of the debtor(s), or incurred within one year of the petition date and secured by a purchase money security interest in any other thing of value:

| Name of Creditor | Collateral | Interest Rate | Amount of Claim | Total to be Paid through the Plan Including Interest Calculation |
|---|---|---|---|---|
|  |  |  |  |  |

    **d. Requests for valuation of security, Cram-down, Strip Off & Interest Rate Adjustments**    ☒ **NONE**

    1.)  The debtor values collateral as indicated below. If the claim may be modified under Section 1322(b)(2), the secured creditor shall be paid the amount listed as the "Value of the Creditor Interest in Collateral," plus interest as stated. The portion of any allowed claim that exceeds that value shall be treated as an unsecured claim. If a secured claim is identified as having "NO VALUE" it shall be treated as an unsecured claim.

**NOTE: A modification under this Section ALSO REQUIRES
the appropriate motion to be filed under Section 7 of the Plan.**

| Creditor | Collateral | Scheduled Debt | Total Collateral Value | Superior Liens | Value of Creditor Interest in Collateral | Annual Interest Rate | Total Amount to be Paid |
|---|---|---|---|---|---|---|---|
|  |  |  |  |  |  |  |  |

    2.)  Where the Debtor retains collateral and completes the Plan, payment of the full amount of the allowed secured claim shall discharge the corresponding lien.

    **e.  Surrender**  ☒ **NONE**

    Upon confirmation, the stay is terminated as to surrendered collateral only under 11 U.S.C. 362(a) and that the stay under 11 U.S.C 1301 be terminated in all respects. The Debtor surrenders the following collateral:

| Creditor | Collateral to be Surrendered | Value of Surrendered Collateral | Remaining Unsecured Debt |
|---|---|---|---|
|  |  |  |  |

**f. Secured Claims Unaffected by the Plan** ☐ **NONE**

The following secured claims are unaffected by the Plan:

i. Chrysler Capital/Santander, continued payments on automobile loan securing a 2012 Dodge Caravan, no arrears. Continued payments by the Debtor, directly to Chrysler Capital/Santander, no arrears.

**g. Secured Claims to be Paid in Full Through the Plan**: ☒ **NONE**

| Creditor | Collateral | Total Amount to be Paid Through the Plan |
|---|---|---|
| | | |

### Part 5: Unsecured Claims ☐ NONE

a. **Not separately classified** allowed non-priority unsecured claims shall be paid:

☐ Not less than $ _____ to be distributed *pro rata*

☐ Not less than _____ percent

☒ *Pro Rata* distribution from any remaining funds

b. **Separately classified unsecured** claims shall be treated as follows:

| Creditor | Basis for Separate Classification | Treatment | Amount to be Paid |
|---|---|---|---|
| | | | |

### Part 6: Executory Contracts and Unexpired Leases ☒ NONE

(NOTE: See time limitations set forth in 11 U.S.C. 365(d)(4) that may prevent assumption of non-residential real property leases in this Plan.)

All executory contracts and unexpired leases, not previously rejected by operation of law, are rejected, except the following, which are assumed:

| Creditor | Arrears to be Cured in Plan | Nature of Contract or Lease | Treatment by Debtor | Post-Petition Payment |
|---|---|---|---|---|
|  |  |  |  |  |

### Part 7: Motions ☒ NONE

**NOTE: All plans containing motions must be served on all potentially affected creditors, together with local form, *Notice of Chapter 13 Plan Transmittal*, within the time and in the manner set forth in D.N.J. LBR 3015-1. A *Certification of Service*, *Notice of Chapter 13 Plan Transmittal and valuation* must be filed with the Clerk of Court when the plan and transmittal notice are served.**

a. **Motion to Avoid Liens Under 11. U.S.C. Section 522(f).** ☒ **NONE**

The Debtor moves to avoid the following liens that impair exemptions:

| Creditor | Nature of Collateral | Type of Lien | Amount of Lien | Value of Collateral | Amount of Claimed Exemption | Sum of All Other Liens Against the Property | Amount of Lien to be Avoided |
|---|---|---|---|---|---|---|---|
|  |  |  |  |  |  |  |  |

**b. Motion to Avoid Liens and Reclassify Claim from Secured to Completely Unsecured.** ☒ **NONE**

The Debtor moves to reclassify the following claims as unsecured and to void liens on collateral consistent with Part 4 above:

| Creditor | Collateral | Scheduled Debt | Total Collateral Value | Superior Liens | Value of Creditor's Interest in Collateral | Total Amount of Lien to be Reclassified |
|---|---|---|---|---|---|---|
|  |  |  |  |  |  |  |

**c. Motion to Partially Void Liens and Reclassify Underlying Claims as Partially Secured and Partially Unsecured.** ☒ **NONE**

The Debtor moves to reclassify the following claims as partially secured and partially unsecured, and to void liens on collateral consistent with Part 4 above:

| Creditor | Collateral | Scheduled Debt | Total Collateral Value | Amount to be Deemed Secured | Amount to be Reclassified as Unsecured |
|---|---|---|---|---|---|
|  |  |  |  |  |  |

## Part 8:    Other Plan Provisions

**a. Vesting of Property of the Estate**

☒  Upon confirmation

☐  Upon discharge

**b. Payment Notices**

Creditors and Lessors provided for in Parts 4, 6 or 7 may continue to mail customary notices or coupons to the Debtor notwithstanding the automatic stay.

**c. Order of Distribution**

The Standing Trustee shall pay allowed claims in the following order:

1) Ch. 13 Standing Trustee commissions

2) Counsel Fees & Supp. Counsel Fees (Fully paid before other Claims)

3) Secured Claims and then Priority Claims

4) Unsecured Claims

**d. Post-Petition Claims**

The Standing Trustee ☒ is, ☐ is not authorized to pay post-petition claims filed pursuant to 11 U.S.C. Section 1305(a) in the amount filed by the post-petition claimant.

### Part 9:   Modification  ☐ NONE

If this Plan modifies a Plan previously filed in this case, complete the information below.

Date of Plan being modified: SEPTEMBER 7, 2018                 .

| Explain below **why** the plan is being modified: | Explain below **how** the plan is being modified: |
|---|---|
| THE PLAN ADDS POST-PETITION ARREARS AND ALSO APPROPRIATELY INCREASES PAYMENTS WHEN THE DEBTOR COMPLETES PAYMENT ON AUTOMOBILE LOAN, PENSION LOAN AND CHILD SUPPORT OBLIGATION. | THE PAYMENTS INCREASE, ULTIMATELY ($2,100 PER MONTH), PREMISED FIRST ON COMPLETION OF AUTOMOBILE LOAN AND PENSION LOAN AND FINALLY TO $3,200 PER MONTH, BASED ON CHILD SUPPORT OBLIGATION FINISHING.  ALL INFORMATION IS SET FORTH IN THE ORIGINALLY FILED SCHEDULES. |

Are Schedules I and J being filed simultaneously with this Modified Plan?     ☐ Yes     ☒ No

### Part 10:   Non-Standard Provision(s): Signatures Required

Non-Standard Provisions Requiring Separate Signatures:

☒ NONE

☐ Explain here:

Any non-standard provisions placed elsewhere in this plan are ineffective.

**Signatures**

The Debtor(s) and the attorney for the Debtor(s), if any, must sign this Plan.

By signing and filing this document, the debtor(s), if not represented by an attorney, or the attorney for the debtor(s) certify that the wording and order of the provisions in this Chapter 13 Plan are identical to Local Form, *Chapter 13 Plan and Motions*, other than any non-standard provisions included in Part 10.

I certify under penalty of perjury that the above is true.

Date: MARCH 29, 2019                                             /S/ WILLIAM D. REED, JR.
                                                                 Debtor

Date: _____                                     _____
                                                                 Joint Debtor

Date: MARCH 29, 2019                                             /S/ HERBERT B. RAYMOND, ESQ.
                                                                 Attorney for Debtor(s)

United States Bankruptcy Court
District of New Jersey

In re:                                                              Case No. 17-23990-JKS
William D Reed, Jr.                                                 Chapter 13
        Debtor

# CERTIFICATE OF NOTICE

District/off: 0312-2          User: admin              Page 1 of 2           Date Rcvd: Apr 01, 2019
                              Form ID: pdf901          Total Noticed: 46

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Apr 03, 2019.
```
db             +William D Reed, Jr.,    46 Becker Terrace,    2nd Floor,    Irvington, NJ 07111-1311
cr             +CENLAR FSB AS SERVICER FOR NEW JERSEY HOUSING AND,     Phelan Hallinan & Schmieg, PC,
                 400 Fellowship Road,    Suite 100,    Mt. Laurel, NJ 08054-3437
cr             +NEW JERSEY HOUSING AND MORTGAGE FINANCE AGENCY,     Phelan Hallinan & Schmieg, PC,
                 400 Fellowship Road,    Suite 100,    Mt. Laurel, NJ 08054-3437
intp            New Jersey Department of Human Services,    Division of Family Development,    POB 716,
                 Trenton, NJ  08625-0716
516931062     ++CHRYSLER FINANCIAL,    27777 INKSTER RD,    FARMINGTON HILLS MI 48334-5326
               (address filed with court: Chrysler Credit,    5225 Crooks Rd Ste 140,    Troy, MI 48098)
516931051      +Cenlar,    P0 Box 77404,    Ewing, NJ 08628-6404
516931055      +Cenlar FSB,    425 Phillips Blvd.,    Trenton, NJ 08618-1430
516931052      +Cenlar Federal Savings Bank,    425 Phillips Blvd.,    Trenton, NJ 08618-1430
516931054      +Cenlar Federal Savings Bank FSB,    425 Phillips Blvd.,    Trenton, NJ 08618-1430
516931056      +Cenlar Loan Administration and Reporting,    PO Box 77409,    Ewing, NJ 08628-6409
516931060      +Chrysler Capital,    PO Box 189,    Minneapolis, MN 55440-0189
516931058      +Chrysler Capital,    P0 Box 961275,    Fort Worth, TX 76161-0275
516931059      +Chrysler Capital,    Attn: Bankruptcy Department,    PO Box 961278,    Fort Worth, TX 76161-0278
516931064      +Citibank,    PO Box 6500,    Sioux Falls, SD 57117-6500
516931063      +Citibank,    P0 Box 6189,    Sioux Falls, SD 57117-6189
516931065      +Convergant Inc.,    PO Box 9004,    Renton, WA 98057-9004
516931067      +Convergant Outsourcing,    PO Box 9004,    Renton, WA 98057-9004
516931068      +Convergent Outsourcing,    800 Sw 39th Street,    Renton, WA 98057-4927
516931069      +Convergent Outsourcing, Inc.,    PO Box 9004,    Renton, WA 98057-9004
516931070      +Dovenmuehle Mortgage Company,    1501 Woodfield Road,    Schaumburg, IL 60173-6052
516931071      +Dovenmuehle Mortgage Compnay,    1 Corporate Drive,    Suite 360,    Lake Zurich, IL 60047-8945
516931072      +Essex County Child Enforcement,    212 Washington Street,    Newark, NJ 07102-2904
516931074      +Essex County Probation,    60 Evergreen Street,    East Orange, NJ 07018-2106
516931073      +Essex County Probation,    Child Support ENF Unit,    PO Box 372,    Newark, NJ 07101-0372
516931075       Janel Kennedy,    25 Gates Avenue,    Montclair, NJ 07042
516931083      +PSEG,    Cranford Customer Service,    District Office,    PO Box 1023,    Cranford, NJ 07016-1023
516931080      +PSEG,    PO Box 14444,    New Brunswick, NJ 08906-4444
516931079       PSEG,    PO Box 14104,    New Brunswick, NJ 08906-4104
516931076       Pluese, Becker & Saltzman,    20000 Horizon Way,    Suite 900,    Mount Laurel, NJ 08054-4318
516931077      +Pluese, Becker, & Saltzman,    Attorneys At Law,    20000 Horizon Way,    Suite 900,
                 Mount Laurel, NJ 08054-4318
516931078      +Plueses, Becker, & Saltzman,    Attorneys At Law,    20000 Horizon Way,    Suite 900,
                 Mount Laurel, NJ 08054-4318
516931088     #+Trident Asset Management,    53 Perimeter Center E Ste 4,    Atlanta, GA 30346-2230
```
Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
```
smg             E-mail/Text: usanj.njbankr@usdoj.gov Apr 01 2019 23:50:51     U.S. Attorney,     970 Broad St.,
                 Room 502,    Rodino Federal Bldg.,    Newark, NJ  07102-2534
smg            +E-mail/Text: ustpregion03.ne.ecf@usdoj.gov Apr 01 2019 23:50:50      United States Trustee,
                 Office of the United States Trustee,    1085 Raymond Blvd.,    One Newark Center,    Suite 2100,
                 Newark, NJ 07102-5235
516931082      +E-mail/Text: bankruptcy@pseg.com Apr 01 2019 23:50:20      PSEG,    PO Box 490,
                 Cranford, NJ 07016-0490
516931081       E-mail/Text: bankruptcy@pseg.com Apr 01 2019 23:50:20      PSEG,    PO Box 790,
                 Cranford, NJ 07016-0790
516931085      +E-mail/PDF: gecsedi@recoverycorp.com Apr 01 2019 23:54:11      Synchrony Bank,    PO Box 530927,
                 Atlanta, GA 30353-0927
516931084      +E-mail/PDF: gecsedi@recoverycorp.com Apr 01 2019 23:54:11      Synchrony Bank,    P0 Box 965024,
                 Orlando, FL 32896-5024
516931086      +E-mail/PDF: gecsedi@recoverycorp.com Apr 01 2019 23:54:11      Synchrony Bank,    P0 Box 965015,
                 Orlando, FL 32896-5015
516931087      +E-mail/PDF: gecsedi@recoverycorp.com Apr 01 2019 23:54:15      Synchrony Bank/Walmart,
                 P0 Box 965024,    Orlando, FL 32896-5024
516931092      +E-mail/Text: wfmelectronicbankruptcynotifications@verizonwireless.com Apr 01 2019 23:50:16
                 Verizon,    PO Box 25087,    Wilmington, DE 19899-5087
516931090      +E-mail/Text: wfmelectronicbankruptcynotifications@verizonwireless.com Apr 01 2019 23:50:17
                 Verizon,    PO Box 4830,    Trenton, NJ 08650-4830
516931091      +E-mail/Text: wfmelectronicbankruptcynotifications@verizonwireless.com Apr 01 2019 23:50:17
                 Verizon,    PO Box 4833,    Trenton, NJ 08650-4833
516931093      +E-mail/Text: wfmelectronicbankruptcynotifications@verizonwireless.com Apr 01 2019 23:50:16
                 Verizon,    500 technology Drive,    Saint Charles, MO 63304-2225
516931094       E-mail/Text: wfmelectronicbankruptcynotifications@verizonwireless.com Apr 01 2019 23:50:17
                 Verizon, New Jersey Inc,    P0 Box 165018,    Columbus, OH 43216
516931095       E-mail/PDF: gecsedi@recoverycorp.com Apr 01 2019 23:53:22      Walmart,    PO Box 960023,
                 Dayton, FL 32896
                                                                                               TOTAL: 14
```

```
District/off: 0312-2           User: admin              Page 2 of 2                  Date Rcvd: Apr 01, 2019
                               Form ID: pdf901         Total Noticed: 46
```

```
              ***** BYPASSED RECIPIENTS (continued) *****

              ***** BYPASSED RECIPIENTS (undeliverable, * duplicate) *****
517176363          NEW JERSEY HOUSING AND MORTGAGE FINANCE AGENCY
516931053*        +Cenlar Federal Savings Bank,    425 Phillips Blvd.,    Trenton, NJ 08618-1430
516931057*        +Cenlar Loan Administration and Reporting,    PO Box 77409,    Ewing, NJ 08628-6409
516931061*        +Chrysler Capital,    PO Box 961275,    Fort Worth, TX 76161-0275
516931066       ##+Convergant Outsourcing,    10750 Hommerly Blvd,   #200,    Houston, TX 77043-2317
516931089       ##+Trident Asset Management,    5755 Northpoint Parkway,    Alpharetta, GA 30022-1136
                                                                            TOTALS: 1, * 3, ## 2
```

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

Addresses marked '++' were redirected to the recipient's preferred mailing address
pursuant to 11 U.S.C. 342(f)/Fed.R.Bank.PR.2002(g)(4).

Addresses marked '#' were identified by the USPS National Change of Address system as requiring an update.
While the notice was still deliverable, the notice recipient was advised to update its address with the court
immediately.

Addresses marked '##' were identified by the USPS National Change of Address system as undeliverable. Notices
will no longer be delivered by the USPS to these addresses; therefore, they have been bypassed. The
debtor's attorney or pro se debtor was advised that the specified notice was undeliverable.

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Apr 03, 2019                              Signature:  /s/Joseph Speetjens

---

## CM/ECF NOTICE OF ELECTRONIC FILING

```
The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system on March 29, 2019 at the address(es) listed below:
              Craig Scott Keiser     on behalf of Creditor    NEW JERSEY HOUSING AND MORTGAGE FINANCE AGENCY
               craig.keiser@phelanhallinan.com
              Denise E. Carlon     on behalf of Creditor    NATIONSTAR MORTGAGE LLC dcarlon@kmllawgroup.com,
               bkgroup@kmllawgroup.com
              Herbert B. Raymond     on behalf of Debtor William D Reed, Jr. bankruptcy123@comcast.net,
               raymondmail@comcast.net;carol-raymond@comcast.net;bankruptcyattorneys@comcast.net;herbertraymond@
               gmail.com;carbonell_c@hotmail.com;kdelyon.raymond@gmail.com;herbertraymond5967@yahoo.com;esq5622@
               gmail.com
              Marie-Ann Greenberg     magecf@magtrustee.com
              Michael Frederick Dingerdissen     on behalf of Creditor    NEW JERSEY HOUSING AND MORTGAGE FINANCE
               AGENCY nj.bkecf@fedphe.com
              Nicholas V. Rogers     on behalf of Creditor    NEW JERSEY HOUSING AND MORTGAGE FINANCE AGENCY
               nj.bkecf@fedphe.com
              Nicholas V. Rogers     on behalf of Creditor    CENLAR FSB AS SERVICER FOR NEW JERSEY HOUSING AND
               MORTGAGE FINANCE AGENCY nj.bkecf@fedphe.com
              U.S. Trustee     USTPRegion03.NE.ECF@usdoj.gov
                                                                                             TOTAL: 8
```